IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PHILLIP DAVID HASKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-14-281 |
| | § | |
| CONTINENTAL LAND RESOURCES, | § | |
| LLC; WESTERN LAND SERVICES, | § | |
| INC.; PURPLE LAND MANAGEMENT | § | |
| CORPORATION; UNKNOWN CLIENTS | § | |
| OF CONTINENTAL, WESTERN AND | § | |
| PURPLE #1-#9; and JOHN | § | |
| DOUGHS #1-#9, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant Continental Land Resources, LLC ("Defendant Continental")'s Motion to Dismiss and Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 8, Doc. 19), Defendant Western Land Services, Inc., ("Defendant Western")'s Motion to Dismiss (Doc. 10), and Defendant Purple Land Management, LLC, ("Defendant Purple")'s Motion to Dismiss and Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14, Doc. 21). The court has considered the motions, the responses, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions be **GRANTED**.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 23.

## I.  Case Background

Plaintiff Phillip Haskett ("Plaintiff") is fifty-seven-year-old individual residing in the State of Texas.[2]  Plaintiff avers that he is a Registered Professional Landman certified by the American Association of Professional Landmen.[3]  As a landman, he maintained a profile on the website "Landmen.net," "regularly applied" for employment through that website's "Looking for Work" bulletin board, and applied for job openings posted by Defendants by submitting his resume without receiving any response.[4]  Because he was not hired, Plaintiff concluded that Defendants were engaged in discriminatory hiring practices based on his age and filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[5]  On April 25, 2014, the EEOC issued Plaintiff a right-to-sue letter.[6]

Plaintiff filed his proposed complaint and an application to proceed in forma pauperis ("IFP") on July 23, 2014, eighty-nine days after his right-to-sue letter was issued.[7]  Plaintiff's IFP application was approved, and Plaintiff's complaint was docketed on

---

[2]    See Doc. 16, Pl.'s Am. Compl. p. 1.

[3]    See id. p. 3.

[4]    See id. p. 8.

[5]    See id.

[6]    See id. p. 11.

[7]    See 3:14mc18, Doc. 1, IFP Application; Doc. 1-2, Pl.'s Original Compl., dated July 23, 2014.

August 27, 2014.[8]

Plaintiff's complaint alleged violations of the Age Discrimination in Employment Act[9] ("ADEA") by Defendants and sought monetary damages as well as a declaratory judgment that landmen should be treated as employees, not independent contractors.[10] Additionally, Plaintiff sued Defendants' "Unknown Clients #1-9" for instituting and promoting illegal hiring practices via the legal theory of respondeat superior.[11]

On September 26, 2014, Defendant Continental filed a motion to dismiss.[12]  On September 29, 2014, Defendant Western and Defendant Purple also filed motions to dismiss.[13]  In response, on October 17, 2014, Plaintiff filed an amended complaint that included seven additional paragraphs but did not alter any of Plaintiff's affirmative claims.[14]

On October 30, 2014, Defendant Continental filed a second motion to dismiss, and Defendant Western filed a supplemental brief

---

[8]     See Doc. 1, Pl.'s Original Compl.

[9]     29 U.S.C. §§ 621-634.

[10]    See Doc. 16, Pl.'s Am. Compl. pp. 8-17.

[11]    See id. p. 19.

[12]    See Doc. 8, Def. Continental's Mot. to Dismiss.

[13]    See Doc. 10, Def. Western's Mot. to Dismiss, Doc. 14, Def. Purple's Mot. to Dismiss.

[14]    See Doc. 16, Pl.'s Am. Compl.

in support of its previous motion.[15]  On October 31, 2014, Defendant Purple filed its second motion to dismiss.[16]

On November 17, 2014, Plaintiff filed a response in opposition to all of Defendants' motions to dismiss.[17]

## II.  Defendant Western's 12(b)(2) Motion to Dismiss

Defendant Western moves to dismiss Plaintiff's suit for lack of personal jurisdiction.

### A.  Legal Standard for Personal Jurisdiction

The Federal Rules of Civil Procedure ("Rules") authorize a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant.  See Fed. R. Civ. P. 12(b)(2).  On a motion to dismiss decided without the benefit of an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case in support of jurisdiction.  Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 431 (5th Cir. 2014); Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999).

The district court may receive "any combination of the recognized methods of discovery," including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis.  Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks

---

[15]    See Doc. 19, Def. Continental's Mot. to Dismiss Am. Compl., Doc. 20, Supplement to Doc. 10, Def. Western's Mot. to Dismiss.

[16]    See Doc. 21, Def. Purple's Mot. to Dismiss Am. Compl.

[17]    See Doc. 22, Pl.'s Resp. to Defs.' Mot. to Dismiss.

omitted).   The court resolves all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations.   <u>Monkton</u>, 768 F.3d at 431.

A federal court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers jurisdiction and if the exercise of jurisdiction is consistent with due process under the United States Constitution.   <u>Johnston</u>, 523 F.3d at 609.   In Texas, the long-arm statute permits personal jurisdiction to the full extent allowed by the Due Process Clause. Tex. Civ. Prac. & Rem. Code § 17.041; <u>Schlobohm v. Schapiro</u>, 784 S.W.2d 355, 357 (Tex. 1990); <u>see also</u> <u>Stroman Realty, Inc. v. Antt</u>, 528 F.3d 382, 385 (5th Cir. 2008).

> The Due Process Clause . . . permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

<u>Latshaw v. Johnston</u>, 167 F.3d 208, 211 (5th Cir. 1999) (quoting <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310 (1945).

Minimum contacts are established with a state by a defendant whose "conduct and connection" with that state are significant enough that the defendant "should reasonably anticipate being haled into court" in that state.   <u>Nuovo Pignone, Spa, v. Storman Asia</u> <u>M/V</u>, 310 F.3d 374, 379 (5th Cir. 2002) (quoting <u>Burger King Corp.</u> <u>v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)).   The defendant must

"purposely avail[] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Nuovo Pignone, 310 F.3d at 379 (quoting Burger King Corp., 471 U.S. at 475).  However, unilateral activity on the part of the plaintiff will not satisfy this requirement.  Hydrokinetics, Inc. v. Alaska Mech., Inc., 700 F.2d 1026, 1028 (5th Cir. 1983) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

A federal court may exercise general or specific jurisdiction. "[C]ontinuous and systematic general business contacts" are grounds for the exercise of general jurisdiction over a nonresident defendant for any cause of action regardless of whether the claim arose from specific activity within the forum.  Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9, 415).

A court may assert general jurisdiction over a foreign corporation where its affiliations are so systematic and continuous as to render it "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011).  Repeated contacts with the forum is not enough; a defendant must have a business presence within the forum state. Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 584 (5th Cir. 2010).  Further, the acts of a subsidiary or agent within the state do not impute such general jurisdiction to the parent.  Daimler AG

6

v. Bauman, ___ U.S. ___, 134 S. Ct. 746, 760 (2014).

Alternatively, specific jurisdiction may exist if the asserted cause of action "aris[es] out of or [is] related to the defendant's contacts with the forum." Luv N'care, 438 F.3d at 469 (citing Helicopteros, 466 U.S. at 414 n.8).  In this circuit, courts apply a three-prong test in deciding whether specific jurisdiction exists, considering, "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).

B.   **Analysis**

Defendant Western challenges whether the court has personal jurisdiction over it.  Defendant Western maintains that it lacks continuous and systematic contacts with the State of Texas to raise an issue of general personal jurisdiction and that Plaintiff's complaint and amended complaint fail to allege facts that would support a claim of specific personal jurisdiction.  Defendant Western therefore argues that the exercise of personal jurisdiction over it would violate traditional notions of fair play and substantial justice.

7

Plaintiff responds that Defendant Western is in default because it filed a supplemental brief to its earlier motion to dismiss that was directed at Plaintiff's original complaint and did not file a second motion to dismiss the amended complaint. Plaintiff argues that Defendant Western's original motion was mooted by the filing of his amended complaint and that Defendant Western may not supplement a mooted motion.

Plaintiff is incorrect regarding the effect of his amended pleading. When a plaintiff amends his complaint while a motion to dismiss is pending, the court <u>may</u> deny the motion as moot <u>or</u> consider the merits of the motion in light of the amended complaint. <u>See</u> <u>Thomas v. Miramar Lakes Homeowners Ass'n</u>, Civil Action No. H:13-1479, 2014 WL 3897809, *4 (S.D. Tex. 2014) (unpublished) (emphasis added).

Here, the court finds it appropriate to consider both Defendant Western's motion to dismiss and its supplement as though they were in response to Plaintiff's amended complaint. Plaintiff's amended complaint added no new legal theory or response to Defendant Western's motion, so there is no reason to moot Defendant Western's motion to dismiss or its supplement. The court will therefore consider the motions to dismiss on their merits.

## 1. **General Jurisdiction**

Defendant Western avers that it is a corporation incorporated

8

in Michigan and has its principal place of business in Michigan.[18] Plaintiff argues that Defendant Western is subject to general jurisdiction in the State of Texas because Defendant Western employed several residents of Texas, registered as a foreign entity with the Texas Secretary of State in November 2012, nominated CT Corporation as its agent for service of process in this state, and filed a notice of change of its registered agent's address with the Texas Secretary of State on December 2, 2013.[19]  The court must determine whether these limited encounters with the State of Texas qualify as continuous and systematic.  See Freudensprung, 379 F.3d at 345.

First, registering as a foreign entity in a state, nominating a registered agent for service of process and filing a change of address for that agent do not establish that Defendant Western had continuous and systematic contacts with Texas and is "essentially at home" for the purposes of general jurisdiction.  See Goodyear, 131 S. Ct. at 2851.  Further, employing several Texas residents does not establish that Defendant Western continuous and systematic contacts with the State of Texas for purposes of general jurisdiction as required by the Supreme Court.  See Goodyear, 131 S. Ct. at 2851; see also Daimler AG, 134 S. Ct. at 760 (stating

---

[18]    See Doc. 23-1, Ex. 3 to Pl.'s Resp. to Def.'s Mot. to Dismiss, App. for Registration as a Foreign For-Profit Corp.

[19]    See Doc. 23-2, Ex. 3 to Pl.'s Resp. to Def.'s Mot. to Dismiss, State. of Change of Address.

that the location of the activities of an agent or in-state subsidiary does not alter requirements for general jurisdiction). Based on this recent Supreme Court case law, the Fifth Circuit has commented that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." Monkton, 768 F.3d at 432.

Thus, the court concludes that Plaintiff has failed to establish that Western had such continuous and systematic contacts with the State of Texas to subject it to general jurisdiction here.

### 2.  **Specific Jurisdiction**

Although Plaintiff does not argue that the court may exercise specific jurisdiction over Defendant Western, the court will briefly consider whether specific jurisdiction is present.

The only facts alleged in Plaintiff's complaints that might arguably support a claim of specific jurisdiction are that Defendant Western posted a job opening on an independent website, "Landmen.net," and that Plaintiff responded to that job posting.

In Revell v. Lidov, 317 F.3d 467, 475 (5th Cir. 2002), the court considered whether an article published on the bulletin board section of Columbia University's School of Journalism website was a sufficient contact with the State of Texas to allow a Texas resident to sue the article's author in Texas for libel. Revell, 317 F.3d at 469.  The court found that posting the article on a passive website, where the article was not directed at Texas

10

readers as distinguished from readers in other states and made no reference to Texas, did not support the exercise of specific jurisdiction. Id. at 473-75.

In conformity with Revell, the court finds that merely posting a job opportunity on an internet bulletin board does not create specific jurisdiction because the bulletin board posting did not intentionally target Texas residents. Because Defendant Western has not purposefully availed itself of the benefits of Texas law through minimum contacts, exercising jurisdiction over Defendant Western would be improper.

The court finds that Plaintiff has failed to meet his prima facie burden that the court has personal jurisdiction over Defendant Western and will recommend that Defendant Western be dismissed as a party. The court need not consider Defendant Western's additional arguments for dismissal.

### III.   Defendant Continental and Defendant Purple's Rule 12(b)(6) Motions to Dismiss

The remaining defendants raise a number of challenges to Plaintiff's claims under Rule 12(b)(6). Defendant Continental alleges that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies. Defendant Purple alleges that Plaintiff fails to assert facts which plausibly give rise to relief. Defendants Continental and Purple allege that Plaintiff's third claim, directed against their unnamed clients, does not assert a claim against them. Lastly, Defendants argue that

11

Plaintiff's request for a declaratory judgment should be dismissed because there is no actual case or controversy. The court considers Defendants' arguments in turn.

### A.  **Legal Standard for Failure to State a Claim**

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. <u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. 678.

Additionally, a plaintiff who proceeds in forma pauperis is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2). <u>Hale v. King</u>, 642 F.3d 492, 497 (5th Cir. 2011). Such complaint shall be dismissed "at any time" if the court determines the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. § 1915(e)(2).

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

**B. Analysis**

**1.  <u>Exhaustion of Administrative Remedies</u>**

A plaintiff alleging employment discrimination must exhaust administrative remedies before pursuing his claim in federal court. <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002). Under Title VII of the Civil Rights Act of 1964, a plaintiff has ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC. <u>Id.</u> at 379 (citing <u>Nilsen v. City of Moss Point, Miss.</u>, 674 F.2d 379, 381 (5th Cir. 1982)). "Although filing an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." <u>Id.</u>

"The primary purpose of an EEOC charge is to provide notice of

13

the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC." <u>Ajaz v.</u> <u>Continental Airlines</u>, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citations omitted). "The charge triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may be obtained and discriminatory policies and practices eliminated." <u>Id.</u>

Here, Defendant Continental alleges that Plaintiff failed to exhaust administrative remedies because his complaint was filed over ninety days after the EEOC mailed him the right-to-sue letter. Plaintiff responds that, because he presented his complaint to the court on July 23, 2014, along with a motion to proceed IFP, he timely filed this suit. The court agrees.

Plaintiff brought his original complaint to the Clerk within the ninety days provided by his right-to-sue letter.[20] As long as a complaint is in the actual or constructive possession of the Clerk, the complaint is considered "filed" for the purposes of Title VII. <u>Leggett v. Strickland</u>, 640 F.2d 774, 776 (5th Cir. 1981); <u>see also</u> <u>Lowery v. Carrier Corp.</u>, 953 F. Supp. 151, 156 (E.D. Tex. 1997). Additionally, because the ninety-day limit is not jurisdictional, it is subject to equitable tolling. <u>Zipes v.</u> <u>Trans World Airlines, Inc.</u> 455 U.S. 385 (1982). The filing of an

---

[20]    <u>See</u> Doc. 1-2, Ex. 8 to Pl.'s Original Compl., Civil Cover Sheet dated July 23, 2014 p. 1.

IFP petition is an acceptable basis for equitable tolling.   See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Lowery, 953 F. Supp. at 156.   The court therefore finds that Plaintiff's filing was timely.

### 2.   Plausible Claim to Relief

#### a.   ADEA Claim

In order to establish an ADEA claim, a plaintiff must show a plausible claim to relief.   See Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013) (citing Twombly, 550 U.S. at 570).   To make a prima facie case of age discrimination, a plaintiff must show that: (1) he was within the protected class; (2) he was qualified for his position; (3) he suffered an adverse employment decision; and (4) he was replaced by a younger worker or treated less favorably than similarly situated employees.   Id.; Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003).

In Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009), the Supreme Court held that a plaintiff alleging discrimination under the ADEA has the burden of proving that age was a "but-for cause" of the adverse employment action.   Id. at 176.   The Court contrasted the ADEA with Title VII, which requires only that a plaintiff prove that alleged discrimination was a "motivating factor" in the employment decision.   Id. at 174.   Accordingly, the ADEA does not allow "mixed-motive" cases, and requires the more stringent "but-for" standard of proof.   Leal, 731 F.3d at 411.

15

The Supreme Court has stated that pleadings need not establish Plaintiff's prima facie case.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).   However, pleadings must still allege a plausible claim for relief under the pleading standard set forth in *Twombly* and *Iqbal*.  *See Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 555.  The Court has stated that a complaint requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677.  While therefore not a rigid standard, a court may still consider the elements of a prima facie case, as no plaintiff is exempt from his obligation to "allege facts sufficient to state all the elements of his claim." *Puente v. Ridge*, 324 Fed. App'x 423, 427 (5th Cir. 2009)(unpublished).

While a pro se is held to a less stringent standard, even a liberally construed pro se complaint must set forth facts giving rise to a claim on which relief can be granted.  *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

In this case, Plaintiff alleges that he "regularly" applied for employment to "companies such as Primary Defendants," and that Defendants have posted "several job openings . . . for which [Plaintiff] has applied by submitting his resume, but never received any response."[21]  Plaintiff therefore "concluded that the Defendants were engaging in discriminatory hiring practices."[22]

---

[21]     Doc. 16, Pl.'s Am. Compl. p. 8.

[22]     <u>Id.</u>

The court finds Plaintiff's current pleading to be seriously deficient. In Leal v. McHugh, the Fifth Circuit found that the plaintiffs' complaint was "admittedly bare" and contained "few facts," but contained enough information to create a plausible claim where plaintiffs' complaint established that: (1) plaintiffs were within a protected class; (2) plaintiffs were qualified for the position in question; (3) plaintiffs were not selected; (4) a substantially younger individual received the job; and (5) one of the deciding officials stated that the department needed "new blood." Leal 731 F.3d at 413. Here, by contrast, Plaintiff has filed suit against Defendants without alleging what specific jobs he applied for, that he was qualified for such jobs, or that an individual younger than he was hired. As currently pled, Plaintiff's complaint merely alleges that he was not hired and fails to meet either the notice requirement described in Swierkiewicz or the plausibility standard of Iqbal and Twombly. See Iqbal, 556 U.S. at 662; Swierkiewicz 534 U.S. at 514.

Plaintiff argues that documents attached to his complaint contain more specific factual allegations and therefore meet the requirements of Rule 12(b)(6). While Plaintiff's attached EEOC charges disclose when Plaintiff emailed his resume, they notably do not state to what job opening Plaintiff applied or establish that

he was otherwise qualified for such position.[23]

At present, Plaintiff pleads only that he sent job applications to Defendants and was not hired.[24]  There is no connection between Plaintiff's non-hiring and his age, other than Plaintiff's speculation that his age must be the cause.  The Fifth Circuit has repeatedly held that the ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers.  Moss v. BMC Software, Inc., 610 F.3d 917, 926 (5th Cir. 2010); Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005); Webster v. Tex. Eng'r Extension Serv., 204 F.3d 115, 115 (5th Cir. 1999).  Absent support beyond mere conclusory statements, Plaintiff's ADEA pleadings do not create a plausible claim for relief towards Defendant Continental or Defendant Purple.[25]  See Iqbal 556 U.S. at 678.

### b.  Repondeat Superior

In his third claim for relief, Plaintiff alleges that "Unknown Clients of the Primary Defendants have instituted and promoted the

---

[23]    See Doc. 1-1, Ex. 2 to Pl.'s Compl., Continental EEOC charge, Ex. 3 to Pl.'s Compl., Western EEOC charge, Ex. 4 to Pl.'s Compl., Purple EEOC charge, pp. 7, 10, 13.

[24]    Plaintiff has made nearly identical claims in five other causes filed between July and November 2014.  See Cause Nos. 3:14-cv-257, 3:14-cv-277, 3:14-cv-279, 3:14-cv-280, 3:14-cv-348.

[25]    Although Defendant Continental does address whether Plaintiff's amended complaint presents a plausible claim for relief, this court "shall dismiss" a case at any time if the court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).

hiring and employment practices herein." Defendant Continental and Defendant Purple have both responded that such a claim is not directed towards them and that Plaintiff has not stated a claim under which relief can be granted.   The court agrees that Plaintiff's unsupported allegation that unknown clients have instructed Defendants to conduct illegal hiring practices does not meet the plausibility requirements of Iqbal.   Further, because Plaintiff's current pleading has not established that he was subject to discrimination on the basis of his age, Plaintiff cannot establish that the activities of "Unknown Clients" have injured him.   Plaintiff's respondeat superior claim therefore does not create a plausible claim for relief against Defendant Continental or Defendant Purple.

### c.   **Declaratory Judgment**

In addition to his claims against Defendants, Plaintiff seeks a declaratory judgment that a landman is an employee, not an independent contractor, and that the provisions of the ADEA therefore apply.   Defendant Continental and Defendant Purple have responded that absent a case or controversy, Plaintiff has no jurisdiction for such a judgment.

It is well-settled that the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., does not grant federal jurisdiction, but instead depends on the existence of an "actual controversy." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937); Okpalobi v.

19

Foster, 244 F.3d 405, 434 (5th Cir. 2001).   For purposes of determining Defendants' Rule 12(b)(6) motions, the court has assumed that the ADEA is applicable.   However, because Plaintiff does not present a plausible claim for relief under the ADEA, there is no actual controversy, and this court lacks jurisdiction to address Plaintiff's request for a declaratory judgment.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant Western's Motion to Dismiss be **GRANTED** under Rule 12(b)(2).   The court additionally **RECOMMENDS** that Defendant Purple's and Defendant Continental's Motions to Dismiss be **GRANTED** under Rule 12(b)(6).

The court may reconsider its recommendation to dismiss with respect to Defendant Continental and Defendant Purple if Plaintiff attaches to his timely-filed objections a copy of a proposed amended complaint that cures his pleading deficiencies.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.   Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>9th</u> day of February, 2015.

_____

U.S. MAGISTRATE JUDGE

21