IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

PHILLIP DAVID HASKETT,                 §
                                       §
                  Plaintiff,           §
                                       §
v.                                     §
                                       §
CONTINENTAL LAND RESOURCES,            §
LLC; WESTERN LAND SERVICES,            §   CIVIL ACTION NO. G-14-0281
INC.; PURPLE LAND MANAGEMENT           §
CORPORATION; UNKNOWN CLIENTS           §
OF CONTINENTAL, WESTERN AND            §
PURPLE #1-#9; and JON                  §
DOUGHS #1-#9,                          §
                                       §
                  Defendants.          §

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

The court has conducted a de novo review of the Magistrate
Judge's Memorandum and Recommendation (Docket Entry No. 36),
Plaintiff's Objections to Magistrate's Memorandum and Recommenda-
tion Dated February 9th, 2015 (Docket Entry No. 39), and Plaintiff's
Opposed Motion for Leave to File Second Amended Complaint (Docket
Entry No. 40).

The Memorandum and Recommendation found that Plaintiff's
amended complaint failed to allege sufficient facts to assert
personal jurisdiction over Defendant Western Land Services, Inc.
It also found that Plaintiff failed to adequately state an Age
Discrimination in Employment Act ("ADEA") claim against either
defendant Continental Land Resources, LLC or defendant Purple Land

Management LLC because Plaintiff merely alleged that he had sent resumes to the defendants and was not hired.

The Memorandum and Recommendation stated that the court would reconsider that recommendation if Plaintiff attached an amended complaint that cured his pleading deficiencies. Plaintiff submitted a proposed Second Amended Complaint, along with a motion for leave to amend, in conjunction with his objections to the Memorandum and Recommendation.

The court has conducted a line-by-line comparison between Plaintiff's live amended complaint and his proposed second amended complaint. The proposed complaint adds no new jurisdictional facts concerning Defendant Western Land Services, Inc. The court therefore **ADOPTS** the Memorandum and Recommendation's findings with respect to Defendant Western Land Services, Inc.

In his proposed Second Amended Complaint (Docket Entry No. 40-2) Plaintiff has also alleged that an industry survey showed that less than ten percent of landmen have Registered Professional Landman certification, a status that he received in 2008.[1] Based on this new allegation, Plaintiff claims that he is better qualified than most applicants and concludes that he was not hired because of his age.[2] Plaintiff also states that he has learned

---

[1]Doc. Entry No. 40-2, Ex. 2 to Pl.'s Mot. to File 2nd Am. Compl., Pl.'s Proposed 2nd Am. Compl., p. 4.

[2]Id.

that many older landmen such as himself have had difficulty in finding steady employment and complains that companies such as Defendants prefer to train younger individuals rather than training older landmen in their forties or fifties.[3] These new allegations fail because Plaintiff has not alleged the specific employee position sought, that the successful candidate was younger than he was, that he was not hired "but for" his age, and that he timely filed an administrative complaint of discrimination with respect to that position.

Plaintiff also expands on the amended complaint's allegations arising from his conversation with an Equal Employment Opportunity Commission ("EEOC") investigator. The investigator allegedly told Plaintiff that none of the Defendants denied hiring persons under the age of forty for independent contractor positions.[4]   The proposed Second Amended Complaint alleges that, based on this statement, Plaintiff understood this to be a "backward confession" by Defendants admitting they had hired persons younger than Plaintiff for independent contractor positions, but that Defendants believed that fact was inconsequential because independent contractor positions were not covered by the ADEA.   Plaintiff complains that these posted landmen positions should be considered employee positions, falling within the protection of the ADEA.   He

---

[3] Id. at 9.

[4] Id. at 11 ¶ 36.

seeks a declaration stating that the advertised positions should be deemed employee positions, not independent contractor positions.

The ADEA prohibits age discrimination in employment. <u>See</u> 29 U.S.C. § 621(b). In relevant part, the ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). An "employee" is defined as "an individual employed by any employer. . . ." 29 U.S.C. § 630(f). In determining whether a person is an employee covered by Title VII or the ADEA, courts have applied an "economic realities/common law control" test. <u>Juino v. Livingston Parish Fire Dist. No. 5</u>, 717 F.3d 431, 433-35 (5th Cir. 2013). The Fifth Circuit has explained that the economic realities portion of the test requires proof that the putative employees, "as a matter of economic reality, are dependent on the business to which they render service." <u>Juino</u>, 717 F.3d at 434 (quoting <u>Diggs v. Harris Hosp.-Methodist, Inc.</u>, 847 F.2d 270, 272 n.3 (5th Cir. 1988)).

The common law control portion of the test, which is the more important aspect of the analysis, inquires into "the extent to which the one for whom the work is being done has the right to control the details and means by which the work is to be completed." <u>Juino</u>, 717 F.3d at 434 (citation omitted). The following factors are to be considered by the court:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the

skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated [,] i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer" [,] (9) whether the worker accumulates retirement benefits; (10 whether the "employer" pays social security taxes; and (11) the intention of the parties.

Juino, 717 F.3d at 434-35 (citation omitted). The determination of employee status is a fact-intensive one because in most cases there are facts pointing in both directions. Herman v. Express Sixty-Minutes Delivery Service, Inc., 161 F.3d 299, 305 (5th Cir. 1998).

In this case, since Plaintiff cannot point to any specific job for which he was an unsuccessful applicant, he cannot allege any facts to support a claim that the position for which he was not selected was an employee position instead of an independent contractor position. Plaintiff's speculations and opinions about a position he did not attain based on his prior job experiences are not sufficient to sustain a plausible claim under the ADEA that meets the Twombly and Iqbal pleading standards.[5]

Because Plaintiff has already amended his complaint and his proposed complaint is deficient, Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (Docket Entry No. 40) is **DENIED**.

---

[5]Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff's objections are **OVERRULED**. The Memorandum and Recommendation is hereby **ADOPTED** by this court.

**SIGNED** at Houston, Texas, on this 27th day of March, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE