UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PHILLIP DAVID HASKETT, § § Plaintiff, § § VS. § CIVIL ACTION NO. 3:14-CV-281 § CONTINENTAL LAND RESOURCES, § LLC, *et al*, § § Defendants. § | |

### ORDER DENYING MOTION TO VACATE, MOTION TO STRIKE, AND MOTION TO SUPPLEMENT

After remand from the Fifth Circuit, Phillip Haskett now asks this Court to "partially vacate a final order pursuant to Rule 60(b)(2) & (3); 60(d)(1) & (3)." Dkt. 60. Essentially, Haskett complains that one of the Defendants he originally sued in this case was dismissed, incorrectly, for lack of personal jurisdiction. Haskett points to newly discovered documents that he describes as evidence that this Court actually does have personal jurisdiction over that Defendant, and he thus asks this Court to reconsider the dismissal.

The Court declines to do so. First, the documents to which Haskett point have multiple evidentiary problems and objections have been lodged against them. Even if this Court were to consider the documents, however, they do not show that this Court has general or specific jurisdiction over the Defendant. At most, Haskett's allegations and proposed documents, taken together, show that the Defendant had an interest in taxable personal property in Travis County, Texas in 2015.

This is a far cry from the "continuous and systematic contacts" needed to establish that this Court has general jurisdiction over a defendant. "The proper forum for exercising general jurisdiction over a corporation is one in which a corporation is fairly regarded at home." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016). Haskett does not allege that this defendant was incorporated within the State of Texas, or that Travis County was the defendant's principal place of business. Nor are there any other "exceptional circumstances" of the kind that might support general jurisdiction. *Id.* at 237 (citing *Daimler AG v. Bauman*, ––– U.S. –––, 134 S.Ct. 746, 761, 187 L.Ed.2d 624 (2014) and *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (noting that "[i]t is ... incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.")).

Nor do the documents support specific jurisdiction. The Fifth Circuit frames the specific jurisdiction issue with a three-step analysis: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton Ins. Servs.*, 768 F.3d at 433 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Even if this Court were to find that Haskett's documents and allegations pass the first step, he fails at the second. There is no allegation or evidence to show that the Defendant's alleged physical presence in Travis County in 2015 is related, in any way, to Haskett's claim that the Defendant

wrongfully discriminated against him by failing to hire him because of his age after he applied via the internet as a contract landman for jobs located in various locations between 2012 and 2014.

Accordingly, the Court **DENIES** Haskett's Motion to Vacate. Dkt. 60. Further, Defendant's Motion to Strike, Dkt. 62, and Plaintiff's Motion for Leave to File a Surreply, Dkt. 87, are both **DENIED AS MOOT**.

SIGNED at Galveston, Texas, this 3rd day of January, 2017.

George C. Hanks Jr.
United States District Judge